[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #119 MOTION TO PRECLUDE
CT Page 5632
The instant matter concerns a motion to preclude the testimony of Donald J. Siclari, C.P.A., an expert whom the plaintiff disclosed on January 7, 2002. The defendant asserts that the subject disclosure was the first and only disclosure of an expert in this matter. The defendant further asserts that the disclosure is "untimely and inappropriate".
The instant action is a legal malpractice case. A jury trial was commenced on December 3, 2001, but said trial ended in a mistrial on December 10, 2001, when counsel for the plaintiff who had participated in the voir dire process in this matter was called as a fact witness, by the plaintiff.
On January 7, 2002, the plaintiff filed a disclosure of expert witness. Said disclosure provides that the plaintiff expects to call Mr. Donald J. Siclari, C.P.A., who is expected to testify about the losses caused to the Estate of Raymond O. Gauvin by the premature distribution of certain IRAs. Attached to the disclosure is a report written by the expert witness, said report is dated August 22, 1995.
The defendant seeks to preclude the subject expert pursuant to § 13-4 (4) of the Connecticut Practice Book. He asserts that it "would be at an extreme disadvantage to attempt to defend and conduct further discovery concerning Mr. Siclari's contentions" for reason that the report was prepared in 1995 and is based on events that have occurred over twelve years ago.
The gist of the moving party's argument is two-fold: 1) That the disclosure of an expert witness must be made within a reasonable time prior to trial; and 2) That it is fundamentally unfair and prejudicial to the defendant to allow the plaintiff to offer expert witness testimony at this point in time, i.e., after a mistrial that was caused by "plaintiff's own misconduct".
As to the first issue that was raised by the defendant, i.e., that the disclosure must be made within a reasonable period of time before the trial, the defendant correctly points out that this disclosure was not made until after the December 12, 2001, mistrial was declared. It is the understanding of this Court that a new trial date has been scheduled for May 16, 2002. Although the disclosure was made almost one month after the mistrial, it was made in excess of four months before the new trial date.
The Connecticut Practice Book provides that the disclosure must be made within a reasonable period before trial, the trial in this matter will CT Page 5633 take place on May 16, 2002, therefore if there was nothing else to consider in this matter. This gives the opposing party in excess of four months to conduct investigations and to hold depositions.
However there is more to consider, and this relates to the second issue raised by the defendant, i.e., that the disclosure at this point and time would be fundamentally unfair and prejudicial to the defendant. The defendant appears to base this argument on the fact that the plaintiff may not have been able to introduce the subject evidence in the trial prior to the mistrial for reason that said evidence concerning expert witness testimony would not have been disclosed within a reasonable period before trial. Additionally, it was the plaintiff or more correctly, plaintiff's counsel who caused the mistrial. The defendant reasons that since it was the plaintiff that caused the mistrial, he should not be allowed to take advantage of the situation and offer evidence that he otherwise would not have been able to introduce.
The defendant has not offered any cases to support its position that the plaintiff should be precluded from offering the subject expert witness testimony after a mistrial occurred when said mistrial was caused by plaintiff's conduct. The Court notes that the conduct in question here is actually not the conduct of the plaintiff himself, but the conduct of his attorneys.
There is a period of four months from the time of the disclosure and the date that this matter is scheduled for trial. The defendant had this time period and has the remaining time to conduct any necessary discovery or preparation concerning this witness. The delay in disclosing the expert in this matter is somewhat questionable but based on the facts before the Court, it does not find that the delay had its genesis in bad faith.
The defendant has not established that the timing of the disclosure unduly prejudices him. The motion to preclude is therefore denied.
Richard A. Robinson, J May 2, 2002